# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PATRICK M. HARDY,                          )
         Plaintiff,                        )   Case No. 2:13-cv-00514-GMN-CWH
                                           )
vs.                                        )   **ORDER**
                                           )
GLOBAL OPTIONS SERVICES, INC., et al.,     )
         Defendants.                       )
_____)

        This matter was referred to the undersigned Magistrate Judge on Defendant Anthony Saros and Defendant Kyle Elworth's Motion to Dismiss for Insufficient Service of Process (#8), filed March 27, 2013; Plaintiff's Response (#12), filed April 8, 2013; and Defendants' Reply (#15), filed April 16, 2013.

        This case was removed to this Court on March 25, 2013.  (#1).  Prior to removal, Plaintiff attempted to serve Defendants Anthony Saros and Kyle Elworth by mail.  Although not clear, it appears the attempted service by mail occurred prior to removal.  After removal, on March 27, 2013, Defendants Saros and Elworth filed a motion to dismiss for insufficiency of service of process under Fed. R. Civ. P. 12(b)(5) arguing that service by mail is not proper and should be quashed.  In response, Plaintiff concedes that has not properly served Defendants Saros or Elworth. *See* Resp. (#12) at 1:27-30.

## DISCUSSION

        Defendants Saros and Elworth seek to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process, which challenges the mode or method of service of the summons and complaint. *Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal. 2006) (citations omitted).  "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4." *Direct Mail Specialists v. Eclat Computerized*

*Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *see also Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."). Where the validity of service is contested, the burden is on the party claiming proper service to establish its validity. *Cranford v. United States*, 359 F.Supp.2d 981, 984 (E.D. Cal. 2005) (citing *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993)). Assuming insufficiency of service of process, the Court has discretion to dismiss an action or simply quash service. *See e.g.*, *SHJ v. Issaquah School District No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) citing *Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976 ) ("the choice between dismissal and quashing service of process is in the district court's discretion.").

The primary issue presented by Defendants is the sufficiency of service of process under Rule 12(b)(5). Plaintiff does not contest any of the facts set forth in Defendants' motion and concedes that he has not served Defendants. When service is not perfected prior to removal, "such process may be completed or new process issued in the same manner as in cases originally filed" in federal court. *See* 28 U.S.C. § 1448. In the Ninth Circuit, where summons was issued in a state court proceeding but was not served prior to removal, "the federal court cannot ' complete' the state process by permitting it to be served after removal; rather the federal court must issue new process pursuant to [Federal Rule of Civil Procedure 4]." *Glenn v. Terry's Tire Town, Inc.*, 2013 WL 260668 (D. Nev.) (quoting *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967). The reason being that the state court process becomes "null and void" on the date the action is removed to federal court. *See Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (citing *Beecher*, 381 F.2d at 373). Thus, after removal, a plaintiff must secure a new summons from the federal court and serve it pursuant to Rule 4. *Id.*; Fed. R. Civ. P. 81(c); Fed. R. Civ. P. 4(c).

To the extent it is necessary, the Court will grant the motion and exercise its discretion to quash service under Rule 12(b)(5). *See Issaquah School District No. 411*, 470 F.3d at 1293 (citation omitted). Plaintiff is instructed to obtain a new summons from this Court and will have 120-days from the date of removal, or until July 23, 2013, to effectuate service or seek additional time to do so. *See* Fed. R. Civ. P. 4(m); *see also Terry's Tire Town, Inc.*, 2013 WL 560668 at *2

(citations omitted).  Upon completion of service, Plaintiff shall file a proof of service in conformity with Fed. R. Civ. P. 4(l).

      **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Insufficient Service of Process (#8) is **granted** as set forth herein.

      DATED: June 12, 2013.

                                              **C.W. Hoffman, Jr.**
                                              **United States Magistrate Judge**