# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PATRICK M. HARDY,           )
        Plaintiff,          )   Case No. 2:13-cv-00514-GMN-CWH
                           )
vs.                         )   **ORDER**
                           )
GLOBAL OPTIONS SERVICES, INC., et al., )
        Defendants.         )

This matter is before the Court on Defendant GlobalOptions Services, Inc.'s Motion to Stay (#9), filed April 1, 2013; Plaintiff's Response (#16), filed April 18, 2013; and Defendant's Reply (#18), filed April 25, 2013.

## BACKGROUND

The complaint in this matter was originally filed on March 1, 2013 in state court. It was removed to this court, pursuant to 28 U.S.C. § 1332, on March 25, 2013. Plaintiff alleges he is entitled to damages based on claims of defamation. Shortly after removal, Defendant GlobalOptions Services, Inc. ("GlobalOptions") filed a motion to dismiss (#2) pursuant to Fed. R. Civ. P. 12(b)(6) and 12(e). Defendants Saros and Elworth filed a separate motion to dismiss based on Rule 12(b)(5), which was granted. *See* Order (#31) (quashing service against Defendants Saros and Elworth and giving Plaintiff 120-days from the date of removal, or until July 23, 2013, to effectuate service or seek additional time to do so). After the motions to dismiss were filed, Defendant GlobalOptions filed this motion to stay discovery pending resolution of the motions to dismiss. Plaintiff opposes the request asserting that discovery is necessary to prove the allegations of the complaint. In reply, GlobalOptions reiterates its position that the complaint is nothing more than a collection of conclusory statements untethered to any specific factual allegations that could support Plaintiff's cause of action.

**DISCUSSION**

Courts have broad discretionary power to control discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Generally, a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery." *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597 (D. Nev. 2011); *Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652 (D. Nev. 1989); *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554 (D. Nev. 1997). The party seeking a stay of discovery "carries the heavy burden of making a strong showing why discovery should be denied." *Tradebay*, 278 F.R.D. at 601 (citing *Turner Broadcasting*, 175 F.R.D. at 556. An overly lenient standard for granting requests to stay would result in unnecessary delay in many cases. Courts generally insist on a particular and specific demonstration of fact as opposed to merely conclusory statements that a stay is warranted. *Twin City*, 124 F.R.D. at 653.

Evaluation of a request for a stay often requires a magistrate judge to take a "preliminary peek" at a pending dispositive motion. The "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1." *Tradebay*, 278 F.R.D. at 601 (citation omitted). That discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 601. Staying discovery when a pending dispositive motion challenges fewer than all claims or does not apply to all defendants is rarely appropriate. Preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay. *See Twin City*, 124 F.R.D. at 653.

The undersigned has taken a preliminary peek at the underlying motions and finds that a stay of discovery is warranted. First, the motion to dismiss for insufficiency of service of process has already been granted. Consequently, no discovery could be had against Defendant Elworth and Saros as neither has been properly served. *See Direct Mail Specialists v. Eclastt Computerized Techs., Inc.* 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4."). Second, it does not appear to the undersigned that Plaintiff's complaint contains sufficient factual allegations to state a

claim upon which relief could be granted.

GlobalOptions pending motion (#2) was filed pursuant to Fed. R. Civ. P. 12(b)(6). The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir.2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir.1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.,* 534 F.3d 1017, 1022 (9th Cir.2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6), the factual allegations "must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1965. Pleadings that offer labels and conclusions or formulaic recitations of the elements of a cause of action will not do. *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly,* 550 U.S. at 557, 127 S.Ct. at 1966).

Plaintiff's defamation claim, as currently stated, is not likely to survive under the Rule 12(b)(6) standard. To maintain a defamation claim under Nevada law, a plaintiff must show (1) a false and defamatory statement by [a] defendant concerning plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages. *Wisdom v. United States*, 2010 WL 3981712 *8 (D. Nev.) (citing *Flowers v. Carville*, 266 F.Supp.2d 1245, 1251 (D. Nev. 2003)). The failure to put forth the alleged defamatory statements, failure to specify which defendants made the statements, and failure to specify to whom or how the statements were published are each grounds for dismissal under Rule 12(b)(6). *See*

*Wisdom*, 2010 WL 3981712 at *8 (granting a motion to dismiss defamation claim under Rule 12(b)(6) for failure to plead the alleged defamatory statements, failure to specify who made the statement, and failure to specify to whom or how the statements were published).

Here, the complaint makes the general, sweeping allegation that Plaintiff's employment file contains "documents, statements and emails . . . that [are] either false, misleading, inaccurate, exaggerated or [omit] key facts." The complaint does not put forth the alleged defamatory statements. It does not specify which defendants made statements. Consequently, it does not, in its current form, adequately set forth a claim for defamation. The complaint does include the vague allegation that Defendant Saros "stated the Plaintiff was not someone he would want representing the company in 'client facing activity.'" However, there is no information as to whom or how that statement was published and, therefore, dismissal under Rule 12(b)(6) is likely.[1]

GlobalOptions also generally asserts that dismissal is appropriate because statements contained within an employment file are intra-corporate communications that do not constitute defamation under Nevada law. The undersigned is not convinced simply raising the issue of intra-corporate statements is sufficient, under the circumstances, to stay discovery. The doctrine of intra-corporate communications is an affirmative defense. *Ginena v. Alaska Airlines, Inc.*, 2011 WL 4737806 *3 (D. Nev.); *see also Simpson v. Mars*, 113 Nev. 118, 929 P.2d 966, 968 (1997). In *Simpson*, the Nevada Supreme Court concluded that, though there are certain intra-corporate communications which are privileged, such privileges are defenses to a defamation claim, not part of the prima facie case. *Id*. "Corporations may have the defense of privilege to allegations of defamation, but the burden of alleging and proving the privilege are on the defendant corporation, not the plaintiff." *Id*. Claims of intra-corporate privilege may be overcome by demonstrating the

---

[1] The undersigned notes separately that, in Nevada, defamation is a question of law. *Branda v. Sanford*, 97 Nev. 643, 637 P.2d 1223, 1225-26 (Nev. 1981). As a general rule, only assertions of fact, not opinion, can be defamatory. *Shafer v. City of Boulder*, 896 F.Supp.2d 915, 940 (D. Nev. 2012). To determine whether a statement is one of fact or opinion, the court asks whether a reasonable person would be likely to understand the remark as an expression of the source's opinion or as a statement of existing fact. *Id*. (citing *Pegasus v. Reno Newspapers, Inc.*, 118 Nev. 706, 57 P.3d 82, 87 (2002)). The statement that Defendant Saros would not want Plaintiff representing the company in 'client facing activity' is, in the undersigned's view, likely to be considered a statement of opinion, not fact.

intra-corporate communication was made with malice. *Swan v. Bank of America* 360 Fed. Appx. 903, 907 (9th Cir. 2009) (under Nevada law, intra-corporate communications may be actionable if they are made and published with malice).

Ultimately, GlobalOptions has met its burden to show that a stay is warranted on the basis that it does not appear Plaintiff has adequately pled his defamation claim. Accordingly,

**IT IS HEREBY ORDERED** that Defendant GlobalOptions Services, Inc.'s Motion to Stay (#9) is **granted**.

DATED: November 14, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**