# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PATRICK M. HARDY, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:13-cv-00514-GMN-CWH |
| vs. ) | |
| ) | **ORDER** |
| GLOBALOPTIONS SERVICES, INC., a ) | |
| Florida corporation, ANTHONY SAROS, ) | |
| individually, KYLE ELWORTH, individually, ) | |
| and ROBERT BILVADO, individually, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion to Dismiss, or in the alternative for a More Definite Statement (ECF Nos. 2-3), filed by Defendant GlobalOptions Services, Inc. ("GlobalOptions"). *Pro se* Plaintiff Patrick M. Hardy filed a Response (ECF No. 17) and GlobalOptions filed a Reply (ECF No. 19). Also before the Court is Plaintiff's Motion to Extend Time to Respond (ECF No. 14), to which Defendant has filed no opposition.

## I.    BACKGROUND

Plaintiff, a private investigator (Compl., Ex. 3 to Notice of Removal, ¶ 7, ECF No. 1), was hired by GlobalOptions, a licensed private investigation company (*id.* at ¶ 2), in December of 2010 (*id.* at ¶ 6) and subsequently fired in February of 2013 (*id.* at ¶ 28). This action arises from the circumstances surrounding Plaintiff's termination.

Plaintiff originally filed his Complaint in state court on March 1, 2013, and it was removed to this Court on March 25, 2013. (ECF No. 1.) Plaintiff appears to request relief based on two causes of action: (1) defamation; and (2) intentional infliction of emotional distress. (Compl.) In his Complaint, Plaintiff alleges that GlobalOptions, along with individually named defendants Anthony Saros, Kyle Elworth, and Robert Bilvado, included

1  false and misleading information in his employment file (*id*. at ¶ 15), inappropriately conducted

2  investigations related to his internal complaints (*id.* at ¶ 22), assigned work to others that should

3  have been assigned to Plaintiff (*id.* at ¶ 27), and inappropriately terminated Plaintiff based on

4  false and misleading information (*id.* at ¶ 29).

5  **II.    LEGAL STANDARD**

6  Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a

7  cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l*

8  *v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to

9  dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the

10  complaint does not give the defendant fair notice of a legally cognizable claim and the grounds

11  on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering

12  whether the complaint is sufficient to state a claim, the Court will take all material allegations

13  as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v.*

14  *Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

15  The Court, however, is not required to accept as true allegations that are merely

16  conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

17  *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

18  with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a

19  violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

20  *Twombly*, 550 U.S. at 555) (emphasis added).

21  In order to survive a motion to dismiss, a complaint must allege "sufficient factual

22  matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

23  556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility

24  when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id*.

25  A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b)

1  for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino*

2  *Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008).  Rule 8(a)(2) requires that a plaintiff's

3  complaint contain "a short and plain statement of the claim showing that the pleader is entitled

4  to relief." Fed. R. Civ. P. 8(a)(2).  "Prolix, confusing complaints" should be dismissed because

5  "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179

6  (9th Cir.1996).  Mindful of the fact that the Supreme Court has "instructed the federal courts to

7  liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132,

8  1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of

9  leniency.

10       "Generally, a district court may not consider any material beyond the pleadings in ruling

11  on a Rule 12(b)(6) motion . . . .  However, material which is properly submitted as part of the

12  complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard*

13  *Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly,

14  "documents whose contents are alleged in a complaint and whose authenticity no party

15  questions, but which are not physically attached to the pleading, may be considered in ruling on

16  a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for

17  summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule

18  of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

19  *Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers

20  materials outside of the pleadings, the motion to dismiss is converted into a motion for

21  summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261

   F.3d 912, 925 (9th Cir. 2001).

22       If the court grants a motion to dismiss, it must then decide whether to grant leave to

23  amend.  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so

24  requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on

25  the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

1   undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the

2   amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is

3   only denied when it is clear that the deficiencies of the complaint cannot be cured by

4   amendment. *See DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).

5   **III.   DISCUSSION**

6          Here, the Court finds adequate basis to dismiss Plaintiff's Complaint pursuant to Rule

7   8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, but will dismiss the Complaint

8   without prejudice in light of the fact that Plaintiff may be able to cure the deficiencies in his

9   Complaint by offering further factual support.

10         **A.   Defamation**

11         In Nevada, the elements for a cause of action for defamation are taken from the

12  Restatement (Second) of Torts, § 558, and include: (1) a false and defamatory statement of fact

13  by the defendant concerning the plaintiff; (2) an unprivileged publication to a third party; (3)

14  fault, amounting to at least negligence; and (4) actual or presumed damages. *Chowdhry v.*

15  *NLVH, Inc.,* 851 P.2d 459, 483 (Nev. 1993) (per curiam); *Pope v. Motel 6*, 114 P.3d 277, 315

16  (Nev. 2005).  Each element will be addressed in turn.

17         **1.  A False and Defamatory Statement of Fact**

18         Plaintiff's Complaint alleges that false or defamatory statements of fact were made in or

19  pertaining to:

20         (1) The employment file (Compl. at ¶ 15);

21         (2) Communication by Defendants Anthony Saros, Kyle Elworth, and Robert Bilvado

22              relating to Plaintiff's employment file (*Id.* at ¶ 18);

23         (3) Information provided by Defendant Kyle Elworth to Defendant Anthony Saros, other

24              employees, and to clients (*Id.* at ¶ 19);

25         (4) A final written warning issued by Defendant Robert Bilvado to Plaintiff on January

1    14, 2013 (*Id.* at ¶ 20);

2        (5) The termination notice (*Id*. at ¶ 29); and

3        (6) Communication between Defendant Kyle Elworth and clients (*Id.* at 32).

4  Plaintiff alleges that statements included in, or in relation to, each of these items, are either

5  false, misleading, inaccurate, exaggerated, or without key facts.

6        However, Plaintiff never describes the substance of the statements that were false or

7  misleading, why the statements were false or misleading, or who authored the statements

8  contained in the employment file and the termination notice.  Without further details

9  concerning what statements were false and why, the Complaint stops short of the line between

10  possibility and plausibility of entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S.

11  544, 557 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere

12  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Without

13  further details concerning who authored the statements contained in the employment file and

14  the termination notice, Defendants cannot be given fair notice of which claims are alleged as

15  against which parties, an important policy behind Rules 12(b)(6) and 8(a)(2) of the Federal

16  Rules of Civil Procedure. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

17  Accordingly, for the reasons discussed above, the Court finds that Plaintiff's Complaint lacks

18  sufficient detail to meet the plausibility requirement regarding this element.

19        **2.  An Unprivileged Publication to a Third Party**

20        Plaintiff appears to allege that a publication of false or defamatory information to third

21  parties took place where he alleges that Defendant Kyle Elworth "attempted to damage the

22  PLAINTIFF'S rapport and reputation with certain client(s)" (Compl. at ¶ 19).  However,

23  Plaintiff alleges nothing more specific than that, and fails to allege that any such statements

24  were unprivileged or to clearly articulate when other parties may have published unprivileged

25  information.  Without further details concerning the alleged unprivileged publications, the

1   Complaint stops short of plausibility and fair notice cannot properly be given to Defendants.

2   Accordingly, the Court finds that Plaintiff's Complaint lacks sufficient detail to meet the

3   plausibility requirement regarding this element.

4   **3. Fault, Amounting to At Least Negligence**

5   Plaintiff alleges fault amounting to at least negligence in the following instances:

6   (1) Plaintiff believes the issues in the employment file were created to assist Defendants

7   in defending against work-related issues raised by Plaintiff (*Id.* at ¶ 15);

8   (2) Defendant Kyle Elworth attempted to damage Plaintiff's rapport and reputation with

9   clients (*Id.* at ¶ 19);

10  (3) The Plaintiff believes the false statements in the termination notice were put there

11  intentionally (*Id.* at ¶ 29);

12  (4) Defendant Kyle Elworth intentionally "hindered Plaintiff's performance by

13  attempting to obstruct Plaintiff's line of communication with clients and by

14  participating in the defamation" (*Id.* at ¶ 32); and

15  (5) The actions of Defendants Anthony Saros, Kyle Elworth, and Robert Bilvado were

16  intentional and deliberate (*Id.* at ¶ 34).

17  Plaintiff pleads sufficient factual detail in items (2), (4), and (5) above for this Court to

18  find plausibility in the element requiring fault amounting to at least negligence relating to

19  Defendants Kyle Elworth, Robert Bilvado, and Anthony Saros.  However, the remaining items,

20  the employment file (1) and the termination notice (3), lack sufficient detail.  Specifically,

21  without further details concerning who authored these documents, Defendants cannot be given

22  fair notice concerning who is at fault.  Also, based on these allegations, the Court cannot find

23  that a reasonable inference is that Defendant GlobalOptions was at fault.  Therefore, the

24  pleadings lack facial plausibility concerning this element. *See Ashcroft v. Iqbal*, 556 U.S. 662,

25  678 (2009).

1    **4.  Actual or Presumed Damages**

2        Although Plaintiff sufficiently pleads this element by stating that he "suffered

3    irreparable and permanent damage to his reputation in his profession . . ." (*Id.* at 9:178-79), for

4    the reasons discussed above, the Court cannot find that Plaintiff sufficiently pled a cause of

5    action for defamation.  However, the Court will grant Plaintiff leave to amend.

6    **B.    Intentional Infliction of Emotional Distress**

7        In Nevada, a claim of intentional infliction of emotional distress requires a plaintiff to

8    show that: (1) a defendant's conduct was extreme and outrageous with either the intent of, or

9    reckless disregard for causing emotional distress; and (2) plaintiff suffered severe or extreme

10   emotional distress as the actual or proximate cause of defendant's conduct. *Dillard Dep't*

11   *Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999) (en banc).

12       Plaintiff does not allege that the conduct of GlobalOptions was extreme, outrageous, or

13   performed with the intent to cause emotional distress to Plaintiff.  Therefore, the Court cannot

14   find that Plaintiff has sufficiently pled a cause of action for intentional infliction of emotional

15   distress.  Therefore, the Court will dismiss this cause of action, with leave to amend.

16   **IV.    CONCLUSION**

17       **IT IS HEREBY ORDERED** that the Motion to Extend (ECF No. 14) is **GRANTED**.

18       **IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 2) is **GRANTED**.

19   Plaintiff's Complaint is **DISMISSED without prejudice**.  Plaintiff shall have until **December**

20   **6, 2013**, to file an amended complaint curing the deficiencies identified in this Order.  Failure

21   to do so by this deadline will result in **DISMISSAL** of this action **with prejudice**.

22       **DATED** this 15th day of November, 2013.

23
_____
24
Gloria M. Navarro
25
United States District Judge