## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Patrick M. Hardy,

          Plaintiff,

vs.

GlobalOptions Services, Inc., Anthony Saros, Kyle Elworth, and Robert Bilvado,

          Defendants.

Case No.: 2:13-cv-00514-GMN-CWH

**ORDER**

Before the Court is the Motion to Dismiss Plaintiff's First Amended Complaint, (ECF No. 45), filed by Defendant GlobalOptions Services, Inc. on January 10, 2014. Plaintiff Patrick M. Hardy, who is representing himself *pro se*, has failed to file a Response to the Motion to Dismiss, and the deadline to do so passed on January 27, 2014.

## I.   BACKGROUND

This lawsuit was originally filed in state court on March 1, 2013. (ECF No. 1). Defendants removed the case to this Court on March 25, 2013. (*Id.*). On November 15, 2013, the Court dismissed the original Complaint without prejudice for failure to state a claim upon which relief could be granted. (ECF No. 39). Plaintiff filed an Amended Complaint on December 27, 2013, which appears to set forth claims for defamation and intentional infliction of emotional distress. (ECF No. 39). The instant Motion argues that the Amended Complaint fails to correct for the shortcomings identified in the original Complaint, and should similarly be dismissed. (ECF No. 45). On January 29, 2014, two days after the response deadline, Plaintiff filed a Motion requesting an extension of time in which to respond, (ECF No. 47), which was subsequently denied, (ECF No. 48). Though 234 days have passed since the response deadline, Plaintiff has not filed a response or taken any other action in this case.

///

## II.  DISCUSSION

Local Rule 7-2 (d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d).  As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g.*, *Roberts v. United States of America*, No. 2:01-cv-1230-RLH-LRL, 2002 WL 1770930, at *1 (D. Nev. June 13, 2002).  However, before dismissing a case for failing to follow local rules, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Also, the Court's need to manage its docket is manifest. *See State Farm Mut. Auto. Ins. Co. v. Ireland*, No. 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282, at *3 (D. Nev. Nov. 30, 2009).  Further, Plaintiff's failure to timely respond to Defendants' motion has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).  Less drastic sanctions available to the Court include dismissal of Plaintiff's Amended Complaint without prejudice.

The fifth factor also does not weigh in favor of Plaintiff because it is not clear that this case was likely to be decided on the merits.  Accordingly, the Court concludes that consideration of the five factors discussed above weighs in favor of dismissal.  However, in consideration of Plaintiff's *pro se* status, the Court will dismiss this case without prejudice.

///

///

## III. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 45) is **GRANTED**. Plaintiff's Amended Complaint is dismissed without prejudice, and this case shall be closed. The Clerk shall enter judgment accordingly.

**DATED** this 22nd day of September, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court